1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NICOLE ANNA STEWART,      )    No. CV 14-963 DOC (FFM)
                           )
           Petitioner,   )    ORDER RE SUMMARY
                           )    DISMISSAL OF ACTION WITHOUT
      v.                )    PREJUDICE
                           )
WARDEN,                  )
                           )
           Respondent.   )
_____)

      On or about January 31, 2014, petitioner constructively filed a Petition for
Writ of Habeas Corpus by a Person in State Custody ("Petition").  The Petition
does not raise any federal ground for challenging petitioner's conviction, but
states that petitioner is innocent of the crime of conviction.

      As a matter of comity, a federal court will not entertain a habeas corpus
petition unless the petitioner has exhausted the available state judicial remedies on
every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22, 102
S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Petitioner has not indicated that she has
exhausted any claim in state court.  Nonetheless, the Court notes that the
California Supreme Court recently denied petitioner's petition in that court for
review of the Court of Appeal's decision affirming her conviction.  (*See* http://
appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2029706
&doc_no=S206492.)

However under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 402, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

Here, because petitioner has not asserted any claim based on federal law (or any law for that matter), the Court does not have jurisdiction over the Petition.

Therefore, the Petition is subject to dismissal.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated:  February 26, 2014

_____
DAVID O. CARTER
United States District Judge

Presented by:

   /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge